UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                    **NOTICE OF MOTION**

                v.                                            **CASE NO. :08 Cr. 285 (KMK)**

TRENT YOUNG,

                    **Defendant.**
-----------------------------------------------------------X

      PLEASE TAKE NOTICE that, upon the affirmation of Gary Greenwald, Esq., dated the 11th day of June 2008, and upon the annexed papers and upon the papers and proceedings heretofore had herein, the undersigned will move this Court, at a Motion Term thereof, to be held at the Federal Courthouse, 300 Quarropas Street, White Plains, New York on a date to be set by the Court, for the following relief:

      For an order pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and to the Fifth and Sixth Amendments to the United States Constitution, requiring the Government to provide Mr. Young with a Bill of Particulars related to all counts of the indictment and together with such other and further relief as the Court seems just and proper.

Dated:      June 11, 2008

                                                _____
                                                Gary Greenwald (#GG4605)
                                                *Attorneys for the Defendant*
                                                Greenwald Law Offices
                                                99 Brookside Avenue
                                                Chester, New York 10918

To:    UNITED STATES DISTRICT COURT, SDNY
Clerk of the Court
United States Courthouse
300 Quarropas Street
White Plains, New York 10601
***Courtesy Copy Via First Class Mail***

UNITED STATES ATTORNEY'S OFFICE, SDNY
Attention.: Marcia Cohen, AUSA
U.S. Attorney's Office, SDNY
300 Quarropas Street- 3rd Floor
White Plains, New York 10601
***Courtesy Copy Via First Class Mail***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                vs.                              **AFFIRMATION IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**

TRENT YOUNG,                           **08 Cr. 285 (KMK)**

                Defendant
------------------------------------------------------X
STATE OF NEW YORK  )
                        ) ss.:
COUNTY OF ORANGE  )

    GARY GREENWALD, ESQ., being duly sworn, deposes and says:

    1.    I am an attorney at the Greenwald Law Offices, attorneys of record for the Defendant, Trent Young, in the above-captioned matter.

    2.    I submit the within Affirmation based upon my own personal knowledge of the facts herein, as well as upon information and belief, the sources of my information and grounds for my belief being conversations with members of my staff as well as an investigation into the facts.

    3.    Mr. Young, a New York City Police Officer with no prior criminal history, was charged in a three (3) count indictment with three (3) separate counts of Transportation of a Minor With Intent to Engage in Criminal Sexual Activity in violation of Title 18, United States Code, Section 2423(a). Attached hereto as **Exhibit A** is a copy of the Indictment.

    4.    The Defendant now respectively moves, pursuant to Federal Rule of Criminal

1

Procedure 7(f) and to the Fifth and Sixth Amendments to the United States Constitution, that this Honorable Court order that the Government provide him with the below-listed particulars. As reason therefore, Defendant states that the requested information is essential to permit him to adequately prepare his defenses, to inform him of the charges against him with sufficient precision, to prevent prejudicial surprise at trial, to protect him from subsequent prosecution for the same offense, and to protect him against constructive amendment of the indictment at trial.

## DEMAND FOR A BILL OF PARTICULARS

Rule 7(f) of the Fed.R.Crim.P. states that the Court may direct the Government to file a Bill of Particulars. The function of a Bill of Particulars is to notify the Defendant of the precise nature of the charges against him and thereby give him an opportunity to prepare his defense, as well as avoid surprises at trial and to enable a Defendant to interpose a plea of double jeopardy if subsequently prosecuted for the same offense. *U.S. v. Aliperti,* 867 F.Supp 142 (EDNY 1994); see also *U.S. v. Leonard,* 817 F.Supp 286 (EDNY 1992). This district has even further articulated that the Bill of Particulars should be granted if needed to apprize the Defendant of the essential facts of an alleged crime. *U.S. v. Leonelli,* 428 F.Supp (SDNY 1977). Further, where, as here, an indictment employs general terms, the Defendant is entitled, under Rule 7(f) Fed.R.Com.Pro., to seek "specific allegations of the offense charged. *"United States v. Wozniak,* 126 F3d 105, 110 (2d Cir. 1997)

The Second Circuit has explained that "[g]enerally, if the information sought by Defendant is provided in the indictment or in some acceptable alternate form, no Bill of

Particulars is required." United *States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) Accordingly, a Bill of Particulars "should be required only where the charges of the indictment are so general that they do not advise the Defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) While counsel understands that the Bill of Particulars is not intended to give a preview of evidence or the theory of the Government's case, (*U.S. v. Culoso*, 461 F. Supp 128 (SDNY 1978), *aff'd* 607 F2d 999) it must be granted in this matter, due to the circumstances herein enumerated.

It is expected that the Government may argue that ordering a Bill of Particulars would provide defense counsel with "evidentiary detail" about its case. Counsel is well aware that a Bill of Particulars may not be used for such a purpose. See *United States v. Torres*, 901 F2d 205, 234 (2d cir.), *cert denied*, 498 US 906 (1990). However, the Government cannot use that argument to avoid producing particulars in a case such as this. The Second Circuit has held that:

> "it is of no consequence that the requested information would have required the disclosure of evidence of the theory of the prosecution. While a Bill of Particulars 'is not intended, as such, as a means of learning the Government's evidence and theories,' if necessary to give the Defendant enough information about the charge to prepare his defense, 'it will be required even if the effect is disclosure of evidence or of theories." *United States v. Barnes*, 158 F3d 662, 665 (2d Cir 1998) *citing* Charles Alan Wright, Federal Practice and Procedure § 129 (1982).

In the case at hand, Mr. Young has been charged with Transportation of Minor With Intent To Engage in Criminal Sexual Activity. Each count alleges as follows:

3

## COUNT ONE

(Transportation of Minor With Intent To Engage in Criminal Sexual Activity)

**In or about the Fall of 2006**, in the Southern District of New York and elsewhere, Trent Young, the defendant, unlawfully, willfully and knowingly transported an individual who had not attained the age of 18 years in interstate and foreign commerce with the intent that the individual engage in sexual activity for which any person can be charged with a criminal offense, to wit, Trent Young, the defendant, transported Victim 1, who was under the age of 18, from Middletown, New York to West Milford New Jersey for the purpose of engaging in sexual activity within Victim 1.(Emphasis Added)
(Title 18, United States Code, Section 2423 (a).)

## COUNT TWO

(Transportation of Minor with Intent to Engage in Criminal Sexual Activity)

**In or about September 2007**, in the Southern District of New York and elsewhere, Trent Young, the defendant, unlawfully, willfully and knowingly transported an individual who had not attained the age of 18 years in interstate and foreign commerce with the intent that the individual engage in sexual activity for which any person can be charged with a criminal offense, to wit, Trent Young, the defendant, transported Victim 1, who was under the age of 18, from Middletown, New York to West Milford, New Jersey for the purpose of engaging in sexual activity with Victim 1.(Emphasis Added)
(Title 18, United States Code, Section 2423 (a).)

## COUNT THREE

(Transportation of Minor With Intent to Engage in Criminal Sexual Activity)

**In or about the Summer of 2006**, in the Southern District of New York and elsewhere, Trent Young, the defendant, unlawfully, willfully and knowingly transported an individual who had not attained the age of 18 years in interstate and foreign commerce with the intent that the individual engage in sexual activity for which any person can be charged with a criminal offense, to wit, Trent Young, the defendant, transported Victim 2, who was under the age of 18, from Middletown, New York to West Milford, New Jersey for the purpose of engaging in sexual activity with Victim 2. (Emphasis Added)
(Title 18, United States Code, Section 2423 (a).)

In reviewing the instant counts of the indictment, consideration must be given

to whether the period of time, as designated in the accusatory instrument, serves the function of protecting Defendant's constitutional right "to be informed of the nature and cause of the accusation" (U.S. Const., 6th Amd; see *Russell v. United States,* 369 U.S. 749, 763, 82 S.Ct. 1038, 1046, 8 L.Ed.2d 240*).* The notice requirement of the Sixth Amendment is met if in addition to stating the elements of the offense, "the indictment contains such description of the offense charged as will enable [Defendant] to make his defense and to plead the judgment in bar of any further prosecution for the same crime: *Rosen v. United States,* 161 U.S 29, 34, 16 S.Ct. 434, 435, 40 L.Ed. 606; see *Russell v. United States, supra,* 369 U.S. at pp. 763-764, 82 S.Ct. At 1046-1047. In order for a Defendant to make his defense "with all reasonable knowledge and ability" and to have "full notice of the charge", it is important that the indictment "charge the time and place and nature and circumstances of the offense with clearness and certainty." (*United States v. Cruikshank,* 92 U.S. 542, 566, 23 L.Ed. 588; see *United States v. Weiss,* 491 F.2d 460, 466; *United States v. Salazar,* 485 F.2d 1272, 1277).

In the instant case, the indictment is insufficient in that it does not provide Mr. Young the clear and certain notice necessary to prepare a defense. Specifically, regarding the time and dates of the alleged occurrences, Count 1 states: in or about the Fall of 2006; Count 2, provides; in or about September of 2007 and; Count 3 states: in or about the Summer of 2006. These general times are insufficient as a matter of law and prejudice Mr. Young in that they make it impossible for the Defendant to prepare a defense.

Mr. Young is a veteran law enforcement officer who, prior to this arrest, was

5

employed as a New York City Police Officer for approximately the past ten (10) years. In addition to his work in law enforcement, he also taught martial arts. The Defendant in this matter may very well present an alibi defense pursuant to Federal Rules of Criminal Procedure 12.1. As a condition of the statute relative to alibi, the Defendant must provide "each specific place where the Defendant claims to have been at the time of the alleged offense." (Fed.R.Crim.P. 12.1)

Under the current indictment, it is virtually impossible for the Defendant to prepare a defense, yet alone avail himself of an alibi defense. As previously mentioned, the dates set forth in the indictment, are in or about the Fall of 2006, in or about September of 2007 and in or about Summer of 2006. Notably, the indictment fails in any sense to describe the time of any alleged act. These vague and general dates make it impossible for Mr. Young to prepare an alibi defense. In order to do so, without the indictment being particularized, Mr. Young would need to set forth every place he was during the entire Fall of 2006, the entire month of September of 2007 and for the entire Summer of 2006. It is quite clear that without the Court granting this request for a Bill of Particulars, the Defendant will essentially be precluded from exercising his rights as a matter of law to adequately prepare a defense to these very serious allegations.

Courts of this Circuit have granted requests for a Bill of Particulars where the indictment alleged that the conspiracy occurred in certain locations "and elsewhere," location of "elsewhere" was required to be provided to the Defendant. *U.S. v. Lonzo*, N.D.N.Y. 1992,

793 F.Supp.57, 59. The Government was required to furnish a Bill of Particulars designating, by street and number if possible, where Defendant was alleged to have received, possessed, concealed, and facilitated transportation and concealment of designated drugs, even if such acts allegedly occurred in different places. *U.S. v. Wilson*, S.D.N.Y. 1957, 20 F.R.D, 569. The request for disclosure by the Government of locations of acts set forth in three counts of multi count complaint was granted to the extent that such acts were performed by principals. *U.S. v. Mannino*, S.D.N.Y. 1979, 480 F.Supp. 1182, 1185. Furthermore, the Defendant's request, in a motion for Bill of Particulars for more specificity with regard to certain overt acts charged by Government, including dates, locations, and names and addresses of participants, would be granted where defense counsel indicated that information was necessary to prepare an alibi defense. *U.S. v. Orsini*, E.D.N.Y. 1976, 406 F.Supp.1264, 1266

The Court in *Orsini* held that the primary duty in evaluating the adequacy of an indictment is to insure that the Government has provided "such ultimate facts as are needed to prepare a defense". *Id.*

Under the instant indictment, it is blatantly obvious that the Government has failed to provide the ultimate facts as are necessary for Mr. Young to prepare a defense. Specifically, as in *Orsini*, Mr. Young intends to present an alibi defense or, at the very minimum, requests to be afforded the opportunity to do so. The general dates as presented in the current indictment make it impossible for him to do this and as such, render it

impossible for him to prepare a defense.

Furthermore, the information the Defendant is requesting is not unreasonable nor should it be difficult for the Government to provide these particulars. The reason for this is that in the instant case, upon information and belief, both Victim #1 and Victim #2 are approximately sixteen (16) years old. As such, they are not at such an age were it may be difficult for them to understand and recall events in time. Furthermore, the events are not alleged to occur so long ago that it would be impossible to do so. Therefore, the purported victims should be able to, and more importantly, should be required to provide this information to the Government, if they have not done so already. As stated, in light of their ages, this request is most reasonable and, more importantly, necessary for Mr. Young to prepare a defense.

Most respectfully, the indictment charges three (3) acts of improper sexual activity by the Defendant with two (2) different young women. They are both approximately sixteen (16) years of age. Surely, these young women should know when and where these singular acts took place. To learn this information for the first time on trial would negate Mr. Young's due process rights.

The criminal process between the Government and the citizen should not be one of gamesmanship. The playing field must be level so that justice prevails. As the Government is entitled to certain information at times, so is the Defendant. Without the information being requested, in a real sense, the Defendant cannot be properly defended. It will not be a shock

8

to the Government that it will be Mr. Young's position that he never committed any of the acts charged. Without the information requested, how can it be expected that Mr. Young will be able to defend himself?

Given the generality of this indictment and the severity of punishment Mr. Young faces, it is necessary for the Government to provide a Bill of Particulars as to Mr. Young's involvement in each and every count of this indictment, including, but not limited to, more particularization as to when (date and time) and where these alleged acts actually occurred. Without a Bill of Particulars, Mr. Young cannot adequately prepare for trial in this matter. Therefore, it is respectfully requested that the Court order the Government to supply a Bill of Particulars as set forth below:

1. List all dates, times and places when the Defendant is supposed to have transported a minor with the intent to engage in criminal sexual activity as alleged in Counts 1, 2, and 3 of the indictment.

1.1 State the specific location that the alleged criminal sexual activities took place between the purported victims and the Defendant.

2. State the specific time, with reference to hour and day, that all acts occurred which the Government intends to introduce into evidence against the Defendant as alleged in Counts 1, 2, and 3 of the indictment.

3. State the exact ages of Victims number 1 and 2, at the time of the alleged occurrences, as alleged in Counts 1, 2, and 3 of the indictment.

      4.      State the names and addresses of all witness known to be present at the time of the alleged occurrences, as alleged in Counts 1, 2, and 3 of the indictment.

Wherefore, it is respectfully requested that the Court order the Government to provide a Bill of Particulars to counsel in accordance with the above requests regarding each and every count of the charges in the indictment.

Dated:   June 11, 2008

                          Gary Greenwald (#GG4605)
                          *Attorneys for Defendant*
                          Greenwald Law Offices
                          99 Brookside Avenue
                          Chester, New York 10918

To:    UNITED STATES DISTRICT COURT, SDNY
        Clerk of the Court
        United States Courthouse
        300 Quarropas Street
        White Plains, New York 10601
        ***Courtesy Copy Via First Class Mail***

        UNITED STATES ATTORNEY'S OFFICE, SDNY
        Attention.: Marcia Cohen, AUSA
        U.S. Attorney's Office, SDNY
        300 Quarropas Street- 3rd Floor
        White Plains, New York 10601
        ***Courtesy Copy Via First Class Mail***

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA           :
                                        INDICTMENT
                                   :
         - v. -
                                   :    08 Cr.

TRENT YOUNG,                       :

              Defendant.
- - - - - - - - - - - - - - - - - -x
```

### COUNT ONE
(Transportation of Minor With Intent
To Engage in Criminal Sexual Activity)

The Grand Jury charges:

1. In or about the Fall of 2006, in the Southern District of New York and elsewhere, TRENT YOUNG, the defendant, unlawfully, willfully and knowingly transported an individual who had not attained the age of 18 years in interstate and foreign commerce with the intent that the individual engage in sexual activity for which any person can be charged with a criminal offense, to wit, TRENT YOUNG, the defendant, transported Victim 1, who was under the age of 18, from Middletown, New York to West Milford, New Jersey for the purpose of engaging in sexual activity with Victim 1.

(Title 18, United States Code, Section 2423(a).)

COUNT TWO
(Transportation of Minor With Intent
To Engage in Criminal Sexual Activity)

The Grand Jury further charges:

2. In or about September 2007, in the Southern District of New York and elsewhere, TRENT YOUNG, the defendant, unlawfully, willfully and knowingly transported an individual who had not attained the age of 18 years in interstate and foreign commerce with the intent that the individual engage in sexual activity for which any person can be charged with a criminal offense, to wit, TRENT YOUNG, the defendant, transported Victim 1, who was under the age of 18, from Middletown, New York to West Milford, New Jersey for the purpose of engaging in sexual activity with Victim 1.

(Title 18, United States Code, Section 2423(a).)

COUNT THREE
(Transportation of Minor With Intent
To Engage in Criminal Sexual Activity)

The Grand Jury further charges:

3. In or about the Summer of 2006, in the Southern District of New York and elsewhere, TRENT YOUNG, the defendant, unlawfully, willfully and knowingly transported an individual who had not attained the age of 18 years in interstate and foreign commerce with the intent that the individual engage in sexual activity for which any person can be charged with a criminal offense, to wit, TRENT YOUNG, the defendant, transported Victim

2, who was under the age of 18, from Middletown, New York to West Milford, New Jersey for the purpose of engaging in sexual activity with Victim 2.

(Title 18, United States Code, Section 2423(a).)


_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

*United States District Court*

SOUTHERN DISTRICT OF NEW YORK

**THE UNITED STATES OF AMERICA**

vs.

**TRENT YOUNG,**
                              **Defendant.**

# INDICTMENT

08 Cr.

(In Violation of Title 18, United States Code, Section 2423(a).)

**MICHAEL J. GARCIA**

*United States Attorney.*

**A TRUE BILL**

*[signature]*
                              Foreperson.