UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                              :
UNITED STATES OF AMERICA      :    08 Cr. 285 (KMK)
                              :
        - v. -                :
                              :
TRENT YOUNG,                  :
            Defendant.        :
- - - - - - - - - - - - - - - x


**THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**


                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for the United States of
                                    America

MARCIA S. COHEN
Assistant United States Attorney
    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                               :
UNITED STATES OF AMERICA       :    08 Cr. 285 (KMK)
                               :
          - v. -               :
                               :
TRENT YOUNG,                   :
                Defendant.     :
- - - - - - - - - - - - - - - x
```

The Government respectfully submits this Memorandum of Law in opposition to the defendant's motion for a Bill of Particulars. In his submission, Young maintains that the Indictment is insufficient because it "does not provide Mr. Young the clear and certain notice necessary to prepare a defense." (Def. Br. at 5). Specifically, Young contends that the general time frames provided in the Indictment "make it impossible for the Defendant to prepare a defense." (Def. Br. at 5). For the reasons that follow, the Government requests that the Court deny Young's motion.

## BACKGROUND

As set forth in the Complaint, an individual ("Victim 1") reported to the Middletown Police Department on December 21, 2007 that she had been the victim of sexual abuse by Trent Young. Complaint ¶ 3. Victim 1 – who was 15 years old when she reported the abuse – was a martial arts student of Young. Victim 1 reported that, in December 2005, Young required Victim 1 to remove her clothes and Young touched Victim 1's breasts with his

1

hands. Complaint ¶ 3a. As set forth in the Complaint, the sexual abuse of Victim 1 by Young continued, and on multiple occasions between August 2006 and October 2007, Young engaged in sexual intercourse with Victim 1. Complaint ¶¶ 3b, 3c. According to the Complaint, sexual activity occurred, among other places, in Young's house in Middletown, New York and at "Iron Tiger," Young's martial arts studio in West Milford, New Jersey. Complaint ¶ 3c. On a number of occasions, sexual intercourse occurred New Jersey after Young transported Victim 1 from Middletown, New York to New Jersey. Complaint ¶ 3c.

As further set forth in the Complaint, another victim, identified in the Complaint as "Victim 3" and in the Indictment as "Victim 2," also reported sexual abuse by Young. Complaint ¶ 7. This victim reported that Young engaged in sexual activity with her both in Middletown, New York and in West Milford, New Jersey. Complaint ¶¶ 7a, 7b, 7c, 7d. With respect to the conduct in New Jersey, the Complaint states that, on an occasion in the Summer of 2006, Young drove this individual from Middletown, New York to the Iron Tiger Martial Arts Studio in West Milford, New Jersey and, once there, Young called her into one of the rooms in the studio and had sexual intercourse with her. Complaint ¶ 7d.

Indictment 08 Cr. 285 (MKM) was filed on April 1, 2008 in three counts. Count One charges that, in or about the Fall of

2006, Young transported Victim 1, who was under the age of 18, from Middletown, New York to West Milford, New Jersey for the purpose of engaging in sexual activity with Victim 1, in violation of Title 18, United States Code, Section 2423(a). Count Two charges that, in or about September 2007, Young transported Victim 1, who was under the age of 18, from Middletown, New York to West Milford, New Jersey for the purpose of engaging in sexual activity with Victim 1, in violation of Title 18, United States Code, Section 2423(a). Count Three charges that, in or about the Summer of 2006, Young transported Victim 2, who was under the age of 18, from Middletown, New York to West Milford, New Jersey for the purpose of engaging in sexual activity with Victim 2, in violation of Title 18, United States Code, Section 2423(a).

On June 24, 2008, the Government provided Young, by letter, with additional details concerning the events charged in the Indictment. In the Government's June 24, 2008 letter, the Government identified the two victims by name. The Government also provided the age of Victim 1 at the time of the events charged in Counts One and Two and the age of Victim 2 at the time of the event charged in Count Three. The Government further advised that each count in the Indictment involved an instance in which Young drove the victim from Middletown, New York to the Iron Tiger Martial Arts Studio in West Milford, New Jersey and

then engaged in sexual activity with the victim while inside the Iron Tiger Martial Arts Studio. The Government's letter also specified that the events charged in Counts One and Two occurred on Saturdays during the daytime and the event charged in Count Three occurred on an evening.

ARGUMENT

**YOUNG'S MOTION FOR A BILL OF PARTICULARS SHOULD BE DENIED**

A.   <u>Applicable Law</u>

A bill of particulars is required only where the indictment is so general that it does not advise the defendant of the specific acts of which he is accused. <u>United States</u> v. <u>Torres</u>, 901 F.2d 205, 234 (2d Cir. 1990) (collecting cases); <u>United States</u> v. <u>Salazar</u>, 485 F.2d 1272, 1277 (2d Cir. 1973) ("It has long been settled that an indictment is adequate so long as it contains the elements of the offense, sufficiently apprises the defendant of what he must be prepared to meet, and is detailed enough to assure against double jeopardy"), <u>cert. denied</u>, 415 U.S. 985 (1974); <u>United States</u> v. <u>Gibson</u>, 175 F. Supp. 2d 532, 536 (S.D.N.Y. 2001) ("[A] bill of particulars is not a matter of right."). A motion for a bill of particulars should be granted <u>only</u> where necessary (1) to inform the accused of the charge against him with sufficient precision to enable him to prepare his defense and avoid surprise; and (2) to enable the accused to interpose a plea of double jeopardy should he be

4

prosecuted a second time for the same offense. See Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).

In addition, if the information sought by a defendant is provided in the indictment or through some other means, such as discovery or other correspondence, a bill of particulars is not necessary. See Bortnovsky, 820 F.2d at 574. "It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case." United States v. Payden, 613 F. Supp. 800, 816 (S.D.N.Y.), aff'd 768 F.2d 487 (2d Cir. 1985). The ultimate test is whether the information sought is necessary, not whether it is helpful. See United States v. Lauerson, No. 98 Cr. 1134 (WHP), 1999 WL 440619, *3 (S.D.N.Y. June 28, 1999); United States v. Percan, No. 98 Cr. 392 (AGS), 1999 WL 13040, *5 (S.D.N.Y. Jan. 13, 1999).

Further, supplying evidentiary detail is not the function of the bill of Particulars. See Torres, 901 F.2d at 234. "A bill of particulars is not a general investigative tool, a discovery device, or a means to compel the government to disclose evidence or witnesses to be offered prior to trial." Gibson, 175 F. Supp. 2d at 536; United States v. Strawberry, 892 F. Supp. 519, 526 (S.D.N.Y. 1995). It is not the function of a

5

bill of particulars to allow defendants to preview the evidence or theory of the Government's case. United States v. Taylor, 707 F. Supp. 696, 699 (S.D.N.Y. 1989) (citations omitted); United States v. Persico, 621 F. Supp. 842, 868 (S.D.N.Y. 1985). Rather, the proper scope and function of a bill of particulars is to furnish facts, supplemental to those contained in the indictment, necessary to apprise the defendant of the charges against him with sufficient precision so as to enable him to prepare his defense, to avoid unfair surprise at trial, and to preclude a second prosecution for the same offense. Fed. R. Crim. P. 7(f); Torres, 901 F.2d at 234; Bortnovsky, 820 F.2d at 574; United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

A bill of particulars informs a defendant of the nature of the charge, when he is otherwise insufficiently informed, and must not be misused to compel disclosure of how much the Government can prove, nor to foreclose the Government from using proof it may develop as the trial approaches. See United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994) (bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense."). Thus, courts in this District have consistently held that, because a bill of particulars "confines the Government's proof to particulars furnished, requests for a bill of particulars should not be

granted where the consequence would be to restrict unduly the Government's ability to present its case." United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987); United States v. Culoso, 461 F. Supp. 128, 134 n.9 (S.D.N.Y. 1978) ("Bills of particulars are not justified where the only purpose they would serve would be to limit the Government's proof or allow the defendant to tailor his testimony to meet the Government's evidence").

B. Discussion

Given these legal principles, the defendant's request for a Bill of Particulars should be denied. Young requests particularization "including but not limited to" the "dates, times, and places" of the events charged in the Indictment, the "specific location" that sexual activities between Young and the victims occurred, the "specific time, with reference to hour and day" that the charged events occurred, the "exact ages" of the victims at the time of the charged events, and the "names and addresses of all witnesses known to be present" at the time of the charged events. (Def. Br. at 9-10).

The Complaint, Indictment, and other materials provided in discovery, including the Government's June 24, 2008 letter, provide Young with much — although not all — of the information he seeks. The information that the Government has provided to Young is more than sufficient to apprise him of the charges against him, enable him to prepare his defense and avoid unfair

7

surprise at trial, and to preclude a second prosecution for the same offense. Fed. R. Crim. P. 7(f); Torres, 901 F.2d at 234. 1990). See also United States v. Ordaz-Gallardo, 520 F. Supp. 2d 516, 522 ("Requests concerning dates that the Defendants joined the conspiracy, the identity of co-conspirators, and precise dates and locations relating to overt acts ... are the types of 'wheres, whens and with whoms' that have specifically been held to be beyond the scope of a bill of particulars.")

Indeed, the Complaint sets forth numerous details concerning Young's course of conduct with both of the victims referred to in the Indictment. Against this backdrop, the charges in the Indictment relate to two particular events in connection with Victim 1 and one particular event in connection with Victim 2. Although the Indictment does not provide an exact date on which each of the charged acts occurred, the Indictment provides an approximate time frame for each charge and courts have "consistently sustained indictments which track the language of a statute and, in addition, do little more than state time and place in approximate terms." Salazar, 485 F.2d at 1277.

Moreover, the Government's June 24, 2008 letter provided substantial additional particularization concerning the charges against Young. The Government provided Young with the names of Victims 1 and 2 and their ages at the time of the charged events. Further, the Government specified that the events charged in Counts 1 and 2 occurred on Saturdays during the

8

daytime, and specified that the event charged in Count 3 occurred on an evening. Given all of the information that has been made available to the defendant, there simply can be no question that Young possesses sufficient details about the charges against him in order to prepare adequately for trial.

In cases involving child victims, it is not unusual to allege events in terms of time periods rather than specific dates because child victims are often not able to remember or determine the exact dates when alleged acts occurred. See Valentine v. Konteh, 395 F.3d 626, 632 (6th Cir. 2005) ("This Court and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements."); Rodriguez v. Hynes, No. CV-94-2010, 1995 WL 116290, at *4 (E.D.N.Y. Feb. 27, 1995) ("Considering the fact that young victims often do not remember the exact date of when an alleged offense occurred, the time spans in the indictment [charging sexual abuse of a 10 year old minor] are not unreasonable."); Fawcett v. Bablitch, 962 F.2d 617, 619 (7th Cir. 1992) (rejecting a due process challenge to an indictment that set forth a six-month period of time during which the defendant allegedly sexually abused a 10 year old child, and finding that the indictment "afforded [the defendant] notice sufficient to permit him to defend against the charge").

Notwithstanding defense counsel's contention that the victims in this case are not "of such age were [sic] it may be

9

difficult for them to understand and recall events in time," the fact is that the victims in this case cannot pinpoint the exact dates on which the charged events occurred. Indeed, with respect to Victim 1, Young's conduct involved a pattern of repeated, ongoing, fairly frequent sexual abuse. As set forth in the Complaint, the abuse began in or about December 2005 when Victim 1 was 13 years old and escalated, by in or about August 2006, to include sexual intercourse. Young's sexual abuse of Victim 1 continued through October 2007 and, during this time period, Young transported Victim 1 on a number of occasions from Middletown, New York to the Iron Tiger Martial Arts Studio in West Milford, New Jersey, where he engaged in sexual activity with her. Young's insistence that his victims should be able to provide the exact date of the charged events is puzzling. Given the repeated and ongoing nature of the abuse, it would be difficult for any victim – let alone a child victim – to determine the exact date on which a particular episode of abuse occurred. Indeed, unlike most adults, children do not typically maintain day planners and appointment logs that enable them, months after a particular event, to reconstruct the date on which the event occurred.[1]

---

[1] Young's reliance on United States v. Orsini, 406 F. Supp. 1264 (E.D.N.Y. 1976), is inapposite. Although the court in Orsini granted a defendant's request for additional specifics concerning an overt act, the court simply directed the government to provide the "exact date, time, and location" of the overt act "if known." Nothing in Orsini suggests that, in the context of

Moreover, Young's request for "the names and addresses of all witness [sic] known to be present at the time of the alleged occurrences" also requires rejection. The Government should not be required to disclose the identity of any such witnesses before trial, absent "a <u>specific</u> showing that disclosure [is] both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case." <u>United States</u> v. <u>Cannone</u>, 528 F.2d 296, 301 (2d Cir. 1975). Here, Young has not provided any such basis for his request. A bill of particulars is not intended to be a general investigative tool for the defense. <u>See</u>, <u>e.g.</u>, <u>Torres</u>, 901 F.2d at 234 (stating that acquisition of evidentiary detail is not the function of a bill of particulars). "It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government need not be required to disclose additional details about its case." <u>United Statse</u> v. <u>DeFabritus</u>, 605 F. Supp. 1538, 1548 (S.D.N.Y. 1985).

---

this case, the Government's inability to provide exact dates for the charged events renders it "impossible for [Young] to prepare a defense." (Def. Br. At 7).

11

## CONCLUSION

For all these reasons, the Government respectfully submits that the defendant's motion should be denied.

Dated:   New York, New York
         June 25, 2008

>                   Respectfully submitted,
>
>                   MICHAEL J. GARCIA
>                   United States Attorney
>
>              By:  _____
>                   Marcia S. Cohen
>                   Assistant United States Attorney
>                   (914) 993-1902

## CERTIFICATE OF SERVICE

MARCIA S. COHEN deposes and says that she is employed by the Office of the United States Attorney for the Southern District of New York, and that on June 25, 2008, she served a copy of the foregoing Government's Memorandum of Law in Opposition to Defendant's Motion for a Bill of Particulars by ECF on Gary Greenwald, Esq., counsel for the defendant, and by mail to:

> Gary Greenwald, Esq.
> Greenwald Law Offices
> 99 Brookside Avenue
> Chester, NY 10918

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. Section 1746.

_____
MARCIA S. COHEN

Executed on: June 25, 2008
White Plains, New York