UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

TRENT YOUNG,
                           Defendant.

Case No. 08-CR-285 (KMK)

OPINION AND ORDER

---

Marcia S. Cohen, Esq.
United States Attorney's Office
White Plains, New York
*Counsel for Government*

Benjamin Greenwald, Esq.
Gary I. Greenwald, Esq.
Greenwald Law Offices
Chester, New York
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

Defendant Trent Young ("Defendant") has moved for a bill of particulars, seeking more specific information about the conduct alleged in the Indictment. For the reasons outlined below, Defendant's request is DENIED.

I. Background

Defendant Trent Young is charged with three counts of unlawfully, wilfully, and knowingly transporting individuals who had not attained the age of eighteen years in interstate commerce with the intent that the individuals engage in sexual activity, in violation of 18 U.S.C. § 2423(a) ("Section 2423(a)"). Specifically, Defendant is charged with transporting two separate victims – identified for the sake of privacy as Victim One and Victim Two – from Middletown, New York, to his martial arts studio in West Milford, New Jersey, and engaging in sexual

activity with both.

## II. Discussion

### A. The Standard for Granting a Motion for a Bill of Particulars

"Rule 7(f) . . . permits the defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant [sic] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'" *United States v. Jailall*, No. 00-CR-69, 2000 WL 1368055, at *7 (S.D.N.Y. Sept. 20, 2000) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)) (alterations in original). "A bill of particulars is required 'only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999)).

"The standard applied to the information sought is not whether it is helpful to the defense, but whether it is necessary." *Jailall,* 2000 WL 1368055, at *7 (citing *United States v. Love*, 859 F. Supp. 725, 738 (S.D.N.Y. 1994)); *see also United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) ("While a bill of particulars is not intended . . . as a means of learning the government's evidence and theories, if [it is] necessary to give the defendant enough information about the charge to prepare his defense, it will be required even if the effect is disclosure of evidence or of theories." (internal quotation marks omitted)). "To determine if a bill of particulars is necessary for the adequate preparation of a defense, the court may consider 'the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise available to the defendants.'" *United States v. Chalmers*, 410 F. Supp. 2d 278, 283 (S.D.N.Y.

2006) (quoting *United States v. Shoher*, 555 F. Supp. 346, 349 (S.D.N.Y. 1983)).

B.  Application of the Standard for Granting a Motion for a Bill of Particulars to Defendant's Request

Defendant's Motion for a Bill of Particulars seeks the following information: a list of all the relevant "dates, times and places" relating to the charges against Defendant; the ages of the known victims; and the names and addresses of any known witnesses to the conduct in question. (Affirmation in Supp. of Mot. for Bill of Particulars 9-10.)  Subsequent to the filing of Defendant's Motion, however, the Government supplemented the Complaint and Indictment with some of the information requested by Defendant.[1]  Specifically, the Government provided the names and ages of the two victims; narrowed the date ranges for the alleged offenses; and clarified that each of the three counts in the Indictment involved an instance in which Defendant drove the victim from Middletown, New York, to the Iron Tiger Martial Arts Studio in West Milford, New Jersey.  (Gov't's Mem. of Law in Opp'n to Def.'s Mot. for Bill of Particulars 3-4.) The Government argues that this additional information should obviate the need for a bill of particulars. *See Jailall*, 2000 WL 1368055, at *7 ("A bill of particulars is not required where the information sought has been made available in alternate forms." (citing *United States v. Kelly*, 91 F. Supp. 2d 580, 583-84 (S.D.N.Y. 2000))).

---

[1]The Complaint was filed on January 7, 2008.  It describes several occasions in which Defendant allegedly engaged in sexual contact with students of his martial arts studio.  In several of the encounters alleged in the Complaint, Defendant had the minor victim sign a statement promising obedience to Defendant in his capacity as martial arts instructor, and then tested that obedience through escalating sexual contact.  The encounters described in the Complaint include allegations that Defendant took nude photos of the victims, compelled the victims to take pregnancy tests, and instructed the victims to remain silent about the sexual encounters.  Although the Complaint does not give the names of the victims, it does present – with some specificity – the locations of the sexual encounters, the manner in which the encounters took place, and rough time frames during which the encounters are alleged to have occurred.

Despite the additional information provided by the Government, Defendant argues that the Government has not provided him with sufficient notice of the charges to prepare a defense. Defendant marshals two arguments to justify his request. First, Defendant contends that the advanced age of the "child" victims in this case warrants greater specificity. Second, Defendant claims that because he might offer an alibi defense, the dates and times provided by the Government must be tendered with greater specificity. These arguments will be addressed in turn.

### 1. Specificity Requirements for Allegations of Sexual Abuse

The counts of the Indictment – clarified by the Government's supplemental disclosure – allege the following date ranges: Count One alleges that Defendant sexually abused Victim One, aged fourteen at the time, during the daytime on a Saturday in or about the Fall of 2006; Count Two alleges that Defendant sexually abused Victim One, aged fifteen at the time, during the daytime on a Saturday in or about September 2007; and Count Three alleges that Defendant sexually abused Victim Two, aged sixteen at the time, on an evening in or about the Summer of 2006. Stated differently, the three counts each specify a particular time of day (daytime or evening), and feature variances in date ranges stretching from roughly four days in Count Two to thirteen days in Count One to four months in Count Three.

"'[T]he Second Circuit has consistently sustained indictments which track the language of a statute and, in addition, do little more than state time and place in approximate terms.'" *United States v. Dames*, 380 F. Supp. 2d 270, 274 (S.D.N.Y. 2005) (quoting *United States v. Berganza*, No. 03-CR-987, 2005 WL 372045, at *5 (S.D.N.Y. Feb. 16, 2005)); *see also United*

*States v. Frias*, 521 F.3d 229, 235 (2d Cir. 2008) (same).[2]  This is especially true in cases of sexual abuse of children:  allegations of sexual abuse of underage victims often proceed without specific dates of the offenses.  In cases of continuing sexual abuse, it is sufficient for the indictment to specify "a period of time – rather than a specific date – in which defendant committed the acts at issue . . . especially where . . . the complaining victim [is] a child." *Edwards v. Mazzuca*, No. 00-CV-2290, 2007 WL 2994449, at *5 (S.D.N.Y. Oct. 15, 2007).  Because minors often are not capable of remembering the exact dates when the alleged acts occurred, "fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements." *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005); *see also Rodriguez v. Hynes,* No. 94-CV-2010, 1995 WL 116290, at *4 (E.D.N.Y. Feb. 27, 1995) ("Considering the fact that young victims often do not remember the exact date of when an alleged offense occurred, the time spans in the indictment [charging sexual abuse of a minor] are not unreasonable.").

Defendant argues, however, that the relatively advanced ages of the alleged victims – ranging from fourteen to sixteen years old at the times of the alleged crimes – requires the Government to tender more specific dates than in cases involving younger children.  Some states

---

[2]The statute in question, 18 U.S.C. § 2423(a), states the following:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

Defendant makes no claim that the Indictment fails to track the language of the statute.

– New York, in particular – do use the age of the victim as an important factor in determining the sufficiency of date ranges contained in indictments alleging sexual abuse. In *People v. Morris,* 461 N.E.2d 1256 (N.Y. 1984), for example, the New York Court of Appeals outlined the following factors for determining whether the date and times stated within an indictment were reasonable under the circumstances:

> [F]actors to be considered might include but should not be limited to the length of the alleged period of time in relation to the number of individual criminal acts alleged; the passage of time between the alleged period for the crime and defendant's arrest; the duration between the date of the indictment and the alleged offense; and the ability of the victim or complaining witness to particularize the date and time of the alleged transaction or offense.

*Id*. at 1260. In assessing "the ability of the victim or complaining witness to particularize the date and time of the alleged transaction or offense," the New York Court of Appeals considered the age of the victim a substantial factor, noting that "[i]t is not disputed that [] young victims [are] unable to provide the precise dates and hours involved." *Id*; *see also Grady v. Artuz*, 931 F. Supp. 1048, 1065 (S.D.N.Y. 1996) (noting approach of New York courts in assessing specificity of date ranges in sexual abuse indictments). Although this approach is mirrored in other states, *see* John J. Connolly, *"Reasonable Particularity" In Indictments Against Child Abusers*, 49 Md. L. Rev. 1008, 1015 n.48 (1990) (noting other states which use the complainant's age in assessing the sufficiency of the date ranges provided in indictments), the Court has found no federal authority for this proposition.

In fact, the Second Circuit adheres to the general principle of tracking the language of the applicable statute, and thus permits wide latitude with date ranges, regardless of the age of the complainant. The Second Circuit's decision in *United States v. Walsh*, 194 F.3d 37 (2d Cir.

1999), is illustrative. In *Walsh*, Defendant, a corrections officer, was charged with cruel and unusual punishment (of a sexual variety) against an adult inmate. The indictment alleged three distinct assaults which took place within the following date ranges: Count One – between January 4 and March 8, 1991; Count Two – between May 26 and December 1, 1992; and Count Three – between May 26 and July 22, 1992. *See id*. at 44. Defendant moved to dismiss the indictment, or, in the alternative, for a bill of particulars, arguing that the allegations were not specific enough to provide adequate notice of the charges. The Second Circuit affirmed the district court's denial of these motions, holding that the other information provided to the Defendant – including the name of the victim, the location of the alleged assaults, and the manner in which the alleged assaults occurred – were sufficient to provide Defendant with adequate notice. *See id*. at 44-45.

In *Walsh*, a case of sexual assault against an *adult*, the Second Circuit permitted wide date ranges within the indictment. In cases of sexual assault against minors, federal courts have been no less accommodating, routinely permitting similarly-wide date ranges, both in cases of continuing sexual assault, *see Edwards,* 2007 WL 2994449, at \*5 & 8 (finding allegations of abuse of minor over a period of seven months sufficient); *see also Valentine*, 395 F.3d at 631-33 (finding allegations of abuse of eight-year-old over eleven months sufficient); *Hunter v. New Mexico*, 916 F.2d 595, 600 (10th Cir. 1990) (finding allegations of abuse of thirteen-year-old over three years sufficient in terms of notice), and in cases based on individual instances of sexual assault, *see United States v. Agard*, 531 F. Supp. 2d 1072, 1074 (D. N.D. 2008) (permitting allegations of five separate incidents of abuse, each occurring within thirteen month span); *United States v. Jourdain*, No. 05-CR-439, 2006 WL 737087, at \*2 (D. Minn. Mar. 20,

7

2006) (permitting allegation of one incident of abuse occurring within a specified month); *United States v. Hawpetoss*, No. 05-CV-4, 2005 WL 1489963, at *5 (E.D. Wis. June 23, 2005) (permitting allegations of several counts of abuse, ranging in time from approximately four months (seasonal) to ten months); *cf. United States v. Hayes*, No. 07-CR-293, 2007 WL 3085998, at *2 (M.D. Pa. Oct. 19, 2007) (denying motion for bill of particulars for an indictment under Section 2423(a) alleging one act of interstate transport of a minor for prostitution within a given month).

Here, the Indictment tracks the language of Section 2423(a) and contains dates ranges for each count, stretching from approximately four days to four months. These date ranges are well within the boundaries permitted by the Second Circuit and other federal courts, and have been supplemented with additional details provided by the Government. Accordingly, the Court finds the Indictment adequate to apprise Defendant of the pending charges.[3]

### 2. The Putative Alibi Defense

Defendant's desire to offer an alibi defense does not alter the pleading obligations of the Government.[4] A rule to the contrary would essentially do away with the aforementioned law –

---

[3]Although Defendant's briefing focused on the date ranges of the allegations, at oral argument Defendant's counsel asked the Court to require the Government to narrow other aspects of the allegations in the Indictment, such as the time of day that the alleged offenses occurred and/or the specific location within the martial arts studio that the alleged offences occurred. For the same reasons already outlined, the Government is not obligated to provide this information to Defendant. *See Walsh*, 194 F.3d at 44.

[4]In the alternative, Defendant requests that the Government waive the alibi notice requirements detailed in Federal Rule of Criminal Procedure 12.1. As the Government has not indicated that it will pursue such notice, this request is premature. *See United States v. Saa*, 859 F.2d 1067, 1072 (2d Cir. 1988) (noting that under Rule 12.1, the Government has the burden of triggering the duty to disclose an alibi defense). However, should the Government request such alibi notice, Defendant may respond with the same level of specificity as the Government has.

8

the mere invocation of the alibi defense would require heightened specificity, and thus inhibit prosecutions based on generalized date ranges. The rule advocated by Defendant would have a particularly harmful effect on cases involving the sexual assault of minors. The court in *Hawpetoss* addressed this concern, noting the tension between broad date ranges and the alibi defense:

> It is true that [without more specific dates, defendant] would have difficulty in preparing an alibi defense. But this is true in many cases involving child sexual assaults. Children often don't report such crimes until months or even years after they occur. And children have only limited perception of dates and times, especially after the passage of a lengthy period of time. The fact that an alibi defense cannot be asserted does not render the charge constitutionally deficient. If it did, then most crimes of child sexual assault could not be prosecuted.

2005 WL 1489963, at *5 (internal citation omitted). Accordingly, while Defendant may pose an alibi defense, his desire to do so does not affect the Government's latitude to employ broad date ranges within the Indictment. *See Valentine*, 395 F.3d at 632 (rejecting petitioner's claim that the indictment was constitutionally infirm because the wide date ranges in the indictment prevented him from posing an alibi defense); *see also Morris,* 461 N.E.2d at 1260 ("Defendant has been provided with reasonable and adequate notice under the Federal and State Constitutions and is not prevented from preparing a defense, notwithstanding that it would be easier to prepare an alibi defense if the exact date and time of the offense were known and provided."); *Malee v. State*, 809 A.2d 1, 7 (Md. Ct. Spec. App. 2002) (citing *State v. Mulkey*, 560 A.2d 24, 27 (Md. 1989)) ("[T]he opportunity of asserting an alibi defense must yield to the testimonial latitude

---

For example, if Defendant intends to offer an alibi that he was never at the martial arts studio on any of the Saturdays in the Fall of 2006, then notice would be appropriate.

extended to the child victim of sexual abuse with respect to establishing the time of the offense.").[5]

### III. Conclusion

For the reasons discussed above, Defendant's Motion for a bill of particulars is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion. (Dkt. No. 11.)

SO ORDERED.

Dated: September 4, 2008
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[5]Defendant points to *United States v. Orsini*, 406 F. Supp. 1264 (E.D.N.Y. 1976), in support of his motion. In *Orsini*, the defendant requested a bill of particulars clarifying "the specific dates, locations, and names and addresses of participants" related to Overt Act 10 of the narcotics conspiracy charge pending against him. *See id.* at 1265. The court granted the request, directing the Government to "set forth the specific dates, locations, and names and addresses of all participants with reference to Overt Act 10, including, if known, the exact date, time, and location of Overt Act 10." *Id.* at 1266. The decision in *Orsini* is distinguishable from this case. First, to the extent the Second Circuit has commented on the language of *Orsini,* it has only applied *Orsini's* holding to the conspiracy context, noting that allegations of overly broad conspiracies might inhibit a defendant from pleading double jeopardy should he/she later be prosecuted for the same offenses. *See United States v. Macchia*, 35 F.3d 662, 670 n.1 (2d Cir. 1994). While Defendant here has argued that a bill of particulars is necessary to his defense, Defendant has not made a showing comparable to that depicted in *Orsini*. Second, *Orsini* related to narcotics trafficking, not sexual abuse of a minor. As noted above, federal courts have been more tolerant of wide date ranges in allegations of sexual assault against children.

10

Service List by ECF:

Marcia S. Cohen, Esq.
United States Attorney's Office
300 Quarropas Street
White Plains, NY 10601
(914) 993-1902
Fax: (914) 682-3392
Email: marcia.cohen@usdoj.gov
*Counsel for Government*

Benjamin Greenwald, Esq.
Gary I. Greenwald, Esq.
Greenwald Law Offices
99 Brookside Ave.
Chester, NY 10918
(845) 469-4900
Fax: (845) 469-2022
Email: alice@greenwaldlaw.com
*Counsel for Defendant*